IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**VICTOR HUGO CASTRO-AGUILAR,**

     **Petitioner,**

                              \*

**v.**                               \*          **Civ. No. DLB-26-458**

**VERNON LIGGINS, *et al.*,**        \*

     **Respondents.**          \*

## ORDER

Victor Hugo Castro-Aguilar, a citizen of Peru, entered the United States without inspection in February 2022. ECF 1, ¶¶ 1, 2. He was apprehended at the time of his entry but was paroled into the country by Immigration and Customs Enforcement (ICE). *Id.* at ¶ 3. He has applied for asylum and states that he has no criminal history. *Id.* ¶¶ 62, 65. Before his arrest, Castro-Aguilar resided with his wife and children in Maryland, where his wife is undergoing treatment for breast cancer. *Id.* ¶ 68.

On February 3, 2026, Castro-Aguilar was arrested by ICE after appearing for a scheduled check-in at the ICE office in Baltimore. *Id.* ¶ 7. He filed this petition for a writ of habeas corpus while detained there. *Id.* ¶ 9.[1]

Castro-Aguilar argues that his detention violates his due process rights. He further argues that he is subject to detention under 8 U.S.C. § 1226(a), which permits those detained under its authority to receive bond hearings before an immigration judge, and that he is not subject to

---

[1] Castro-Aguilar filed this petition against Nikita Baker, former Acting Field Office Director for the ICE Baltimore Field Office. *See* ECF 1, ¶ 22. Pursuant to Federal Rule of Civil Procedure 25(d), a public "officer's successor is automatically substituted as a party" and "[l]ater proceedings should be in the substituted party's name." The Clerk is directed to amend the docket to reflect the name of the Acting Field Office Director for the ICE Baltimore Field Office as Vernon Liggins. *See* ECF 6, at 1 n.1.

mandatory detention. *Id.* ¶ 12. Castro-Aguilar seeks, among other things, an order requiring the respondents to release him from custody immediately. *Id.* at 18.

Upon consideration of the petition for a writ of habeas corpus, ECF 1, the notice filed jointly by the parties, ECF 6, and prior decisions by this Court and by judges in this district with which this Court agrees, *see, e.g.*, *Lopez v. Noem*, No. GLR-25-3662, 2025 WL 3496195 (D. Md. Dec. 5, 2025); *Bautista Villanueva v. Bondi*, No. ABA-25-4152, 2026 WL 100595 (D. Md. Jan. 14, 2026); and *Villanueva Funes v. Noem*, No. TDC-25-3860, 2026 WL 92860 (D. Md. Jan. 13, 2026), the Court finds that further briefing and a hearing are not necessary.

The Court finds that Castro-Aguilar is detained under 8 U.S.C. § 1226(a) and is not subject to mandatory detention under 8 U.S.C. § 1225(b). Castro-Aguilar may request and is entitled to a bond hearing before an immigration judge consistent with 8 C.F.R. §§ 236.1(d), 1003.19 and 1236.1(d), at which the immigration judge shall decide the merits of Castro-Aguilar's request for release from custody. The Court understands that an immigration judge may conclude that the Board of Immigration Appeals' decision in *Matter of Yajure Hurtado*, 29 I&N Dec. 216, 220 (BIA 2025)—in which the BIA held that immigration judges lack authority to consider bond requests filed by noncitizens who entered the United States without inspection—applies to Castro-Aguilar. To the extent an immigration judge so concludes, however, the Court disagrees with the holding in *Yajure Hurtado* and agrees with the vast majority of federal district courts that have held *Yajure Hurtado* was wrongly decided. *See, e.g.*, *Hernandez-Lugo v. Bondi*, No. GLR-25-3434, 2025 WL 3280772, at *6 (D. Md. Nov. 25, 2025); *Afghan v. Noem*, No. SAG-25-4105, 2025 WL 3713732, at *2 (D. Md. Dec. 23, 2025); *Maldonado v. Baker*, No. TDC-25-3084, 2025 WL 2968042, at *4 (D. Md. Oct. 21, 2025); *H.G.V.U. v. Smith*, No. 25-cv-10931, 2025 WL 2962610, at *5 (N.D. Ill. Oct. 20, 2025); *Alonso v. Tindall*, No. 3:25-cv-652-DJH, 2025 WL 3083920, at *7 (W.D. Ky. Nov.

4, 2025); *Lopez Vasquez v. Noem*, No. 5:25-cv-3087-FWS-SP, 2025 WL 4056018, at \*5 (C.D. Cal. Nov. 19, 2025). If the immigration court concludes that it lacks jurisdiction to consider the merits of Castro-Aguilar's bond request on the basis of *Yajure Hurtado*, Castro-Aguilar will not receive the process to which this Order entitles him.

Therefore, it is this 9th day of February, 2026, in the United States District Court for the District of Maryland, hereby ORDERED that:

1. The Clerk SHALL CHANGE the docket to reflect the name of the Acting Field Office Director for the ICE Baltimore Field Office as Vernon Liggins;

2. Castro-Aguilar's petition for a writ of habeas corpus IS GRANTED in part;

3. Castro-Aguilar SHALL FILE a motion seeking a bond hearing consistent with this Order, and the bond hearing SHALL BE HELD within 10 days of the filing of Castro-Aguilar's motion;

4. The bond hearing MAY BE conducted by any immigration court with jurisdiction or administrative control over Castro-Aguilar's detention and need not be conducted in Maryland;

5. The bond hearing MUST COMPLY in all respects with the regulations at 8 C.F.R. §§ 236.1(d), 1003.19, 1236.1(d) and any attendant process available pursuant to those provisions;

6. The parties SHALL FILE a status report as soon as possible following the bond hearing before the immigration judge, but in any event no later than within seven days of the bond hearing;

7. If Castro-Aguilar is not provided a bond hearing, at which the merits of his request for release are reached, within 10 days of the filing of his motion, the respondents SHALL

RELEASE Castro-Aguilar from detention, and such release SHALL BE subject to the same conditions that applied before Castro-Aguilar's February 3, 2026 arrest; and

8. The Court SHALL RETAIN jurisdiction over this matter to enforce compliance with this Order.

_____

Deborah L. Boardman
United States District Judge